UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

PAUL GEORGE KRATSAS, a/k/a P. J. Kratsas,

*Defendant-Appellant.*

No. 00-6982

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CR-92-208-H, CA-95-2007-H)

Submitted: April 20, 2001

Decided: May 4, 2001

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Beth M. Farber, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Barbara S. Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Paul George Kratsas seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2000). The district court granted a certificate of appealability. We have reviewed the record and the district court's order and find no reversible error.

Kratsas was convicted of conspiracy to possess with the intent to distribute cocaine. Kratsas' first attorney negotiated a plea agreement with the Government that would have exposed Kratsas to a maximum penalty of twenty years' imprisonment. Kratsas fired his attorney at the Fed. R. Crim. P. 11 hearing, retained a new attorney, proceeded to trial, and was convicted. Due to his two previous drug related felony convictions and the quantity of cocaine charged, more than five kilograms, Kratsas received the mandatory sentence of life imprisonment.

We affirmed Kratsas' conviction and sentence on direct appeal in a published opinion. *See United States v. Kratsas*, 45 F.3d 63 (4th Cir. 1995). Kratsas filed a petition pursuant to 28 U.S.C.A. § 2255, which was denied by the district court in a published opinion. *See Kratsas v. United States*, 102 F. Supp.2d 320 (D. Md. 2000). The district court granted a certificate of appealability. Kratsas noted a timely appeal, raising two issues: (1) the impact of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), on his trial, and (2) ineffective assistance of counsel.

Under *United States v. Sanders*, ___ F.3d ___, 2001 WL 369719 (4th Cir. Apr. 13, 2001) (No. 00-6281), Kratsas' *Apprendi* claim is procedurally barred because it was raised in the first instance on appeal of the denial of collateral relief. In *Sanders*, this Court concluded that *Apprendi* did not announce a new rule of constitutional law that fell under any exception of *Teague v. Lane*, 489 U.S. 288

(1989), to permit retroactive application on collateral review. *Sanders*, 2001 WL 369719, at \*6.

We review Kratsas' ineffective assistance of counsel claim de novo. *Becton v. Barnett*, 920 F.2d 1190, 1192 (4th Cir. 1990). We find the district court correctly concluded: (1) Kratsas was informed by his attorney that he faced a mandatory life sentence if he proceeded to trial and lost; and (2) his attorney's conduct did not fall below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Jones v. Murray*, 947 F.2d 1106 (4th Cir. 1991) (holding attorney need not insure client understands all of what he is told). Accordingly, we affirm the district court's order substantially on the reasoning of the district court. *See United States v. Kratsas*, Nos. CR-92-208-H; CA-95-2007-H (D. Md. June 29, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*